Sedgwick, J.
The plaintiff is the receiver of the property of a partnership. One of the partners, Edward 0. Fox, had been a member of the stock exchange. His seat had been bought with partnership money. He became insolvent and was suspended, under the rules of the exchange. Under those rules his seat had been sold, and the plaintiff had the right to the proceeds of the sale that Fox would have had in the circumstances.
There are three articles of the contitution of the exchange which relate to the disposition of the proceeds of a sale of' a seat; The respondent denies that one of these controls this case, inasmuch as it was made after the suspension of Fox. This appeal will be determined irrespective of this subject, and the other articles alone will be considered.
These articles are: “If any suspended member fails to settle with his creditors, within one year from the time of his suspension, his membership shall be disposed of by the committee, and the proceeds paid pro rata to his creditors in the exchange”—and that passed afterwards: “If any *330 suspended member fails to settle with his creditors apd apply for re-admission within one year from the time of his suspension, his membership shall be disposed of by the committee on admissions, and the proceeds paid pro rata to his creditors, in the exchange.” The complaint claims that by Conspiracy between Fox and' certain members of the exchange, persons claiming to be creditors have filed with the committee on admissions, claims to said proceeds, upon debts or demands against said Fox which are wholly or partly fictitious, and wholly or partly have no foundation in fact, and do not come within the prelei’ences established pursuant to the constitution and by-laws of the. exchange, and that the N. Y. Stock Exchange, its officers and members, thre°ten to pay said fraudulent and fictitious claims to the injury of the plaintiff.
•The relief asked, is an accounting of the proceeds of sale; a judgment directing the payment to this plaintiff as receiver of the sum received by said N. Y. Stock Exchange, or said James D. Smith, as president, or such part thereof as the said receiver may be entitled to receive, and that during the pendency of this action the defendant as such president, and all the officers and members of the stock exchange having custody or control of the said fund may be enjoined and restrained from it in any way or manner disposing of, or parting with any part or portion of said fund.
Under the articles that have been quoted, the committee on admissions have competent and legal power and authority to pay oiit of the proceeds the claims described by the articles; but of course no other claims. A threat by any officer or member of the stock exchange, even if by chance such individual were a member of the committee, would not tend to show that the committee as such, threatened to make an improper distribution of any part of the money. It does not appear that the committee have taken any ,action or made any declaration on the subject. It is to be presumed that their action will be legal. The supposed admissions of the answer on the subject of what power in this regard the committee have, do not extend to. what ,tlie. committee, propose to do or intend to do as a committee.
The complaint does not demand that the committee act upon the subject, but demands that they shall not act. ■The plaintiff has no right to any part of the fund until the committee has exhausted its power, and the complaint does not allege that no part,of the fund could be paid validly by the committee.
Not applying, what has been said to any part .of the cause of action excepting the demand for an injunction, and ap *331 plying it to the order of injunction, I am of opinion that the injunction infringes the right of the committee on admissions to proceed in a proper way to make proper dis-disposition of the fund.
Order reversed, with ten dollars costs and disbursements, to be taxed.
Freedman and Ingraham, JJ., concur.